# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD F. JENKINS, III, | ) |
| Plaintiff, | ) Civil Action No. 12 – 1533 |
| v. | ) District Judge Mark R. Hornak |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| LT. CRAYTON, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order seeking transfer into federal custody (ECF No. 22) be denied.

**II.  REPORT**

Plaintiff Edward F. Jenkins, III, has filed a motion seeking an order directing prison officials to transfer him into federal custody for the remainder of his sentence on the ground that he is being mistreated in the Pennsylvania Department of Corrections.

Plaintiff is seeking injunctive relief and therefore has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v.

York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir.

1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that injunctive relief is warranted. At the outset, Plaintiff cannot meet the first element for such injunctive relief since he cannot show a reasonable likelihood of success on the merits of his claim. In this regard, it is well-settled law that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), *cert*. *denied*, 429 U.S. 846 (1976). Simply put, as a legal matter, Plaintiff has no constitutional right to choose his prison. Therefore, he may not use a motion for preliminary injunction or temporary restraining order to choose his place of confinement, or direct a prison transfer, at the outset of this litigation.

Moreover, while the undersigned does not in any way diminish Plaintiff's complaints, Plaintiff has not shown an immediate irreparable harm justifying a preliminary injunction. It is also noted that granting this injunctive relief, which would effectively have the federal courts making *ad hoc* and individual decisions concerning the treatment of a single prisoner, could harm both the defendants' and the public's interest. Finally, Plaintiff's request goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction or Temporary Restraining Order seeking transfer into federal custody (ECF No. 22) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: May 22, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  **Edward F. Jenkins, III**
HZ-1892
SCI Huntington
1100 Pike Street
Huntingdon, PA  16654-1112

4